SCHOOL BUILDING COMMITTEE FOR THE TOWN OF GREENFIELD *vs.* COMMERCIAL UNION INSURANCE COMPANY. No. 92-P-824. August 16, 1994. *Public Works*, Bidding procedure. *Contract*, Bidding for contract, Subcontract, Public works. *Statute*, Construction.

The school building committee seeks to recover on the five percent bid bond of a subbidder which refused to execute a subcontract on the ground that its bid had expired prior to presentation of the subcontract. The reason for its refusal was sound. The committee's invitation for bids, in lan-

guage that applied both to general bids and to subbids, stated specifically that "[a]ll bids shall remain in effect for thirty days, Saturdays, Sundays, and legal [h]olidays excluded, after the opening of [g]eneral bids." Here the general bids were opened September 28, 1990; the selected general contractor signed up on October 19, 1980; and the subcontract was not presented to the low subbidder until December 6, 1990. The fact that the statute (see G. L. c. 149, § 44F[4][c]) does not prescribe any time limit for presentation of subcontracts by the selected general bidder, see *Empire Masonry Corp.* v. *Franklin*, 28 Mass. App. Ct. 707, 711 (1990), does not mean a limit set by the awarding authority when it invites bids violates the statute. Invitations to bid are expected to contain the contract specifications "and such other information as will assist applicants in deciding [whether] to bid on such contract." G. L. c. 149, § 44J(2), inserted by St. 1984, c. 484, § 52. Especially in economically busy periods, subcontractors might well choose not to incur a contingent obligation of indefinite duration. "In the public contracting domain, an invitation to bid upon certain conditions followed by the submission of a bid on those conditions creates an implied contract obligating the bid solicitor to those conditions." *New Eng. Insulation Co.* v. *General Dynamics Corp.*, 26 Mass. App. Ct. 28, 30-31 (1988). See also *Paul Sardella Constr. Co.* v. *Braintree Hous. Authy.*, 3 Mass. App. Ct. 326, 333 (1975), *S.C.*, 371 Mass. 235 (1976).

There is a second reason that the school committee cannot collect on the bond. General Laws c. 149, § 44B(4), as appearing in St. 1980, c. 579, § 55, specifies that "[t]he bid deposits of subbidders not returned [within five days after the opening of general bids] shall be returned within five days, Saturdays, Sundays, and legal holidays excluded, after the execution of the general contract. . . ." This provision "means that sub-bid deposits will be available to the awarding authority to soften the financial blow of substitution only for five days after the execution of the general contract." *Empire Masonry Corp.* v. *Franklin*, 28 Mass. App. Ct. at 711 n.6. The school committee could have protected its access to the subbid deposits in the manner discussed in *Empire Masonry Corp. supra* at 712-713 n.8.

*Judgment reversed.*
*Judgment for the defendant.*

*Thomas T. Truax* for the defendant.
*Edward P. Smith*, Town Counsel, for the plaintiff.